US Bank Trust, N.A. v Frankfurter (2024 NY Slip Op 03451)

US Bank Trust, N.A. v Frankfurter

2024 NY Slip Op 03451

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-09190
 (Index No. 512488/18)

[*1]US Bank Trust, N.A., etc., respondent,
v
Jacob Frankfurter, appellant, et al., defendants.

David J. Stein (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Nicholas S. Bruno], of counsel), for appellant.
Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, David P. Case, Rebecca L. Konst, and Brandon R. White], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jacob Frankfurter appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated August 16, 2022. The order, insofar as appealed from, denied that branch of that defendant's cross-motion which was to toll the accrual of interest on the subject mortgage from August 1, 2012, through June 28, 2018.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 9, 2007, the defendant Jacob Frankfurter (hereinafter the defendant) executed a note in the amount of $500,000 in favor of nonparty Metropolitan National Bank Mortgage Company, LLC (hereinafter Metropolitan). The note was secured by a mortgage on certain real property located in Brooklyn. In a letter dated April 18, 2012, the attorneys for nonparty Saxon Mortgage Services, Inc. (hereinafter Saxon), Metropolitan's successor in interest, informed the defendant that he was in default and that he owed a total sum of $706,873.13 on the note.
On June 28, 2018, the plaintiff, Saxon's successor in interest, commenced the instant action to foreclose the mortgage against the defendant, among others. In an order dated January 3, 2019, the Supreme Court denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, and this Court affirmed that order (see U.S. Bank Trust, N.A. v Frankfurter, 187 AD3d 1241). The defendant interposed an answer dated February 6, 2019. In an order dated December 17, 2019, the court granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant and appointed a referee to compute the amount due on the note. The referee submitted a report dated February 12, 2020.
On March 2, 2020, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. On December 29, 2020, the defendant cross-moved, inter alia, to toll the accrual of interest on the mortgage from August 1, 2012, through June 28, 2018, due to the plaintiff's "unnecessary delay in prosecuting this action." In an order dated August 16, 2022, the Supreme Court, among other things, denied that branch of the defendant's cross-motion. The [*2]defendant appeals.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's cross-motion which was to toll the accrual of interest on the mortgage from August 1, 2012, though June 28, 2018. "'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajic v Faust, 165 AD3d 716, 717). "Once equity is invoked, the court's power is as broad as equity and justice require" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394 [internal quotation marks omitted]; see Rajic v Faust, 165 AD3d at 718). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; see CPLR 5001[a]).
Here, any delay attributable to the plaintiff's predecessors in interest prior to the commencement of this action, which was timely commenced by the plaintiff within the six-year statute of limitations, does not warrant the tolling of interest that accrued on the mortgage note after August 1, 2012 (see Nationstar Mtge., LLC v Dunn, 186 AD3d 836, 836-837).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's cross-motion which was to toll the accrual of interest on the subject mortgage from August 1, 2012, through June 28, 2018.
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court